UNITED STATES of America, Plaintiff,

v.

**Walter J. SAUNDERS, Defendant.**

**Crim. No. 89–0402.**

United States District Court,
District of Columbia.

Nov. 27, 1989.

---

Lourdes M. Ridge and Charles J. Harkins, Jr., Asst. U.S. Attys., Washington, D.C., for plaintiff.

W. Gary Kohlman, Washington, D.C., for defendant.

## MEMORANDUM

JUNE L. GREEN, District Judge.

This matter is before the Court on the following three motions filed by the defendant Walter J. Saunders: Motion to Suppress Statements; Motion to Disclose Identity of Informant; and Motion to Dismiss Prosecution. For the reasons stated below, the Court grants the defendant's Motion to Dismiss Prosecution with prejudice and dismisses as moot the plaintiff's Motion to Suppress Statements and Motion to Disclose Identity of Informant.

### I. *Facts*

The defendant was arrested on March 2, 1989 when Metropolitan Police Officers searched his business premises and located a quantity of narcotics. Defendant Saunders was indicted and arraigned in the Superior Court for the District of Columbia on charges of Possession with Intent to Distribute a quantity of cocaine in violation of 33 D.C.Code, § 541(a)(1) and the Unlawful Possession of Ammunition in violation of 6 D.C.Code, § 2361(3). On March 29, 1989, the defendant was arraigned on these charges in Superior Court and pled not guilty. Trial was later set for Sept. 11, 1989. On the date of trial Saunders' co-defendant pled guilty and was sentenced to probation. Defendant Saunders refused to plead and the government requested a continuance which was granted. Trial was reset for Nov. 27, 1989.

The indictment in the Superior Court against Saunders is still pending. However, the government has indicated that the charges will be dropped on Nov. 27, 1989 (the date set for trial).

On Oct. 24, 1989 the government brought a one count indictment against Saunders in the United States District Court for the District of Columbia, charging the defendant with Possession with Intent to Distribute 5gms or more of crack in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(iii). The defendant was arraigned on November 1, 1989 and again pled not guilty. A superseding indictment charging the defendant with an additional count of Possession with Intent to Distribute a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C) was filed on November 9, 1989. The Court heard arguments on the defendant's motions on November 20, 1989. The trial date in the District Court had been set for November 30, 1989.

### II. *Discussion*

The defendant claims that 278 days will have passed since Mr. Saunders' arrest by the time of trial in the District Court. The defendant asserts, and the Court agrees, that this delay in prosecution violates the Speedy Trial Act, Title 18 U.S.C. § 3161 et seq.

The defendant has been prepared to proceed to trial in the Superior Court since the initial trial date on September 11, 1989. In addition, the defendant's counsel proffered at the hearing on the motion that he is still ready and willing to proceed to trial on November 27, 1989 as scheduled in the Superior Court.

The Court sees no reason why defendant Saunders should not be tried in accordance with the original indictment in the Superior Court for the District of Columbia. The government has not discovered any additional facts which would justify subverting the process already begun in Superior Court only to try the case in the U.S. District Court on closely related charges. The government testified at the hearing that the decision to bring a subsequent indictment in federal court was made after a chemical analysis of the narcotics seized at the defendant's business revealed that the drugs were crack, and not cocaine as

originally thought, and weighed over five grams.[1] However, the government had this information available to it as early as July of 1989. A superseding indictment could easily have been brought against defendant Saunders in the Superior Court had the government judged such action to be appropriate.

In opposition to the defendant's Motion to Dismiss, the government cites *United States v. Robertson*, 810 F.2d 254 (D.C.Cir. 1987). In *Robertson* the Court of Appeals held that the defendant's arrest in the District of Columbia should be treated as a state arrest for purposes of the Speedy Trial Act. *Id.* at 256, 257. The court, therefore, held that the limitations periods of the Speedy Trial Act were not triggered by the defendant's arrest on District of Columbia charges, and could not have been triggered until the defendant was indicted in federal court. The government argues that defendant Saunders is making the same argument as the defendant in *Robertson*, therefore, the Court should follow *Robertson's* holding and dismiss the case.

The Court of Appeals' reasoning in *Robertson*, however, was recently distinguished by this Court. In *United States v. Roberts*, 726 F.Supp. 1359 (D.C.D.C.1989), Judge Harold Greene found that conditions were present which the court in *Robertson* declared significantly absent. In *Robertson*, 810 F.2d 254, 258, the court found the possibility that the U.S. Attorney for the District of Columbia "could manipulate the order of arrests, so as to intentionally avoid the (Speedy Trial) Act" to be slim. And the court determined that, in any case, "no claim that delay and shift of jurisdiction resulted from any intent to evade the Act" had been made and "nothing in the record would support such a claim." *Id.*

In contrast, Judge Greene determined that the recent trend in the District of Columbia court system resulting in as many as eighty transfers from the Superior Court to the District Court, illustrated a scheme adopted by the U.S. Attorney to manipulate the Speedy Trial Act. *United States v. Roberts*, 726 F.Supp. at 1371. Judge Greene found that these abuses by the government violate the Speedy Trial Act as well as the defendants' due process rights,[2] and on these grounds, dismissed the charges against two of the five defendants.

The Court finds Judge Greene's reasoning persuasive. It is obvious to the Court that the recent rash of transfers is an attempt by the United States Attorney to take advantage of the tougher penalties required by the Federal Sentencing Guidelines. It is also the Court's belief that in certain cases the U.S. Attorney's office is using its ability to prosecute in either the federal or District of Columbia courts as a threat to induce defendants to plead to charges brought in Superior Court. The Court recognizes that in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the Supreme Court upheld on due process grounds the tactics of prosecutors who attempt to extract guilty pleas through the threat of tougher charges. However, in *Bordenkircher*, the Court was not confronted with the situation in Saunders' case where the same prosecutorial authority has been involved throughout all the proceedings. And where the subsequent charges brought against the defendant, by the same authority, are equivalent to the original indictment, the U.S. Attorney's motives are highly suspect.[3]

---

1. The policy of the United States Attorney, as stated in the government's opposition to the defendant's motion, is to prosecute cases involving possession with intent to distribute five or more grams of crack in the United States District Court for the District of Columbia.

2. The court in *Roberts*, 726 F.Supp. at 1369, cites Saunders' case as illustrative of the due process problems created by the U.S. Attorney's current practices. The defendant has not raised the question of due process violations, and the Court has not considered the issue.

3. In *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), the Supreme court upheld the prosecution's actions even though the defendant, unlike the defendant in *Bordenkircher*, had not been warned of the possibility of new charges prior to his rejection of a guilty plea. However, the Court stated "we, of, course, do not foreclose the possibility that a defendant in an appropriate case might prove

As Judge Greene stated in *Roberts,* "these types of actions may or may not amount to prosecutorial misconduct, but they illustrate how the United States Attorney is managing statutes, guidelines, court schedules, and the process of the several tribunals to achieve his purposes, without the scrupulous attention to fairness that is normally the hallmark of the American criminal justice system." *Roberts,* 726 F.Supp. at 1370, 1371. And in such cases as Mr. Saunders', the Court finds that the government's manipulation of the system rises to a level that puts it in violation of the Speedy Trial Act.

The government has had nearly nine months to prepare a case against Mr. Saunders. In that time the defendant has not committed any further acts which would warrant a new trial in federal court. Nor has the government uncovered any evidence against Mr. Saunders that would make a federal trial materially different from the trial scheduled to commence in the Superior Court. To allow the case to go forward in federal court under these conditions would flout the purposes of the Act in providing the defendant with a determinable right to a speedy trial.[4]

The Court intended to dismiss the indictment against Mr. Saunders without prejudice in order that the prosecution might go forward with the charges against the defendant in the Superior Court. However, the Court acquiesced in the government's request to dismiss with prejudice to allow the prosecution to pursue the matter in the Court of Appeals.

### ORDER

Upon consideration of defendant Walter J. Saunders' Motion to Dismiss Prosecution; the papers submitted in support of and in opposition to the motion; the oral arguments of counsel; the entire record herein; and for the reasons set forth in the accompanying memorandum, it is by the Court this 27th day of November 1989,

ORDERED that defendant Walter J. Saunders' motion to dismiss prosecution is granted with prejudice; It is further

ORDERED that defendant Walter J. Saunders motion to disclose the identity of informant is dismissed as moot; and

ORDERED that defendant Walter J. Saunders' motion to suppress statements is dismissed as moot.

---

objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Id.* at 384, 102 S.Ct. at 2494.

**4.** In recommending that the Speedy Trial Act not be made applicable to the D.C. Superior Court despite the fact that the U.S. Attorney has the authority and discretion to prosecute major offenses committed in the District of Columbia in either the federal or District courts, the House Judiciary Committee stated that "(i)t is conceivable that this type of overlapping jurisdiction could result in 'forum-shopping' in an attempt to escape the speedy trial restrictions that will apply to the federal courts in D.C. if this legislation is enacted. Such a result would be antiethical (sic) to the goal of Federal speedy trial legislation ...". H.R.Rep. No. 93–1508, 93d Cong., 2d Sess. 40, *reprinted in* 1974 U.S. Code Cong. & Admin.News 7401, 7441.